# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| SULAIMAN A. RASHID, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> LIBERTY COUNTY JAIL, DOUGLAS ) </br> D. FRANKS, and FACILITY ) </br> MEDICAL DEPARTMENT, ) </br> ) </br> Defendants. ) | Case No. CV410-092 |

## REPORT AND RECOMMENDATION

Plaintiff Sulaiman A. Rashid filed this 42 U.S.C. § 1983 prisoner conditions action alleging that defendants deprived him of necessary medical care. (Doc. 1 at 5-6.) Even if Rashid has stated a colorable claim for relief (a matter the Court does not now decide), it is plain from the face of the complaint that he has failed to exhaust his prison administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Rashid states that he filed a grievance on March 11, 2010, which was denied, but his grievance appeal was still under

consideration when he filed his complaint on April 3, 2010. (Doc. 1 at 3.) He admits that he has not appealed any adverse decision to the highest level possible. (*Id.* at 4.)

Under § 1997e(a), a prisoner or detainee must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted"). This requirement is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 1999) (quoting *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)), *vacated*, 197 F.3d 1059, *reinstated in part*, 216 F.3d 970, 972 (11th Cir. 2000). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007)[1]; *see also Porter v. Nussle*,

---

[1] It is true that prisoners are not required to plead and prove exhaustion to survive early screening under § 1997e. *Jones*, 549 U.S. at 216. Nothing in *Jones*, however, forbids the Court from dismissing a complaint pursuant to § 1997e(a) if it is clear from the face of the complaint that the prisoner has not exhausted all

534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life).

The PLRA, for that matter, "requires *proper* exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). Proper exhaustion requires an inmate to "us[e] all steps" in the administrative process and to comply with any administrative "deadlines and other critical procedural rules" before filing a complaint about prison conditions in federal court. *Id.* at 89-91 (citation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. *Id.* at 83-84; *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). And if a prisoner or

---

administrative remedies available to him. *Id.* at 215-16; *Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007) ("[W]here . . . an affirmative defense appears on the face of a prisoner's complaint . . . the PLRA continues to require a district court to dismiss the complaint."); *Sanks v. Willams*, 2007 WL 3254368 at *2 (S.D. Ga. Nov. 2, 2007) (while a prisoner is not required to demonstrate exhaustion in his complaint, nothing precludes the sua sponte dismissal of the complaint where it is clear on its face that the prisoner has not exhausted his administrative remedies); *Soler v. Bureau of Prisons*, 2007 WL 496472 at *2 (N.D. Fla. Feb. 12, 2007) (same); *Colston v. Cramer*, 2007 WL 1655413 at *2 (E.D. Mich. Jun. 07, 2007) (same); *Ghosh v. McClure*, 2007 WL 400648 at *5-6 (S.D. Tex. Jan. 31, 2007) (unpublished) (same); *see also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (dicta).

detainee fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, then he procedurally defaults his claims. *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

Consequently, it matters not if exhaustion is imminent in this case. *See Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit"); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (federal courts are powerless to forgive the exhaustion requirement in the interest of "efficient litigation management," even if the prisoner exhausts his available remedies shortly after the suit is filed); *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) (although plaintiff's administrative remedies were exhausted two days after his complaint was filed, § 1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a section 1983 suit, rather than while the action is pending"); *see also McNeil v. United States*, 508 U.S. 106 (1993) (a Federal Tort Claims Act suit may not be maintained when the claimant

failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation). Because Rashid admits that he has yet to exhaust all available administrative remedies, his complaint should be **DISMISSED** without prejudice.

**SO REPORTED AND RECOMMENDED** this  3rd  day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA